Teresa J. Moore
Robert-Garvin: Moore
8685 Queensbrook Court
Las Vegas, Nevada 89117
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

*For the Debtors in the propria persona*

RECEIVED
AND FILED

Aug 20  11 05 AM '14



# UNITED STATES BANKRUPTCY COURT
### District of Nevada
300 Las Vegas Boulevard South, Las Vegas, Nevada 89101

| | |
|---|---|
| In re )<br> )<br>Teresa Jean Moore )<br>Robert-Garvin: Moore )<br> )<br> Debtors. )<br> )<br> )<br> )<br> ) | Bankruptcy Case: 14-13791<br>Chapter 11<br><br>CHAPTER 11 STATUS CONFERENCE<br>STATEMENT; MAIL SERVICE<br>DECLARATION<br><br>Date: August 27, 2014<br>Time: 1:30 p.m.<br>Dept: Courtroom 1 |

## CHAPTER 11 STATUS CONFERENCE STATEMENT

Teresa Jean Moore and Robert Garvin Moore, the debtors in possession in the above-captioned Chapter 11 case (the "Debtors"), hereby provide their Chapter 11 Status Conference Statement, pursuant to the Court's Notice of Status Conference, etc., filed on 06/06/14 and continued to 8/27/2014 (Docket No. 12 and No. 31):

**I. Bankruptcy Filing and Current Situation of the Petitioners.**

On May 29, 2014 (the "Petition Date"), the Debtors filed a joint voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Court. The Debtors continue to manage and operate their business and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' bankruptcy case.

Debtor Teresa Jean Moore has developed and continues to run, since 1997, an "On-Line Private Webcast Business" that is hosted and facilitated in her private residences throughout several states, to

include Nevada, California, and Hawaii. These private residences are an integral component for the webcast business and lay the foundation of the "private interactive" format for the program. The real estate holdings that Debtor TJ Moore utilizes for her "home business" model are held in joint ownership and/or joint possession with other partners involved with the private residence network of facilitators and instructors. The income generated from the sharing of knowledge, information and interactive experiences is proprietary and unique in the field of on-line broadcasts. Due to the economic downturn caused by the mortgage crisis of 2008, the drastic decline in the real estate market and the value of properties in relationship to the "upside down mortgage claims" made by fraudulent mortgage practices, many of the Debtor TJ Moore's partners have commenced or threatened to commence legal action to separate TJ Moore's interests and/or abandon contractual agreements due to foreclosure activities by non-party claimants.

In addition to the economic collapse in the real estate industry, in July of 2013, the Debtor TJ Moore suffered a severe hemorrhage, which caused severe anemia, related to her cancer and her fibroid tumors. The hemorrhage required a blood transfusion and the medical condition now requires daily treatments of her tumors to prevent any further hemorrhaging.

**II.    Purpose of the Bankruptcy Filing.**

The combination of the Debtor TJ Moore's health, the mortgage crisis and it's affect on her property interests, the wrongful foreclosure activities of purported lien holders and the wrongful eviction process by the AOAO, lead the Moore's into an emergency filing to ensure an orderly process for the resolution and payment of the claims of property partners and other creditors, and at the same time preserve and grow the Moore's Private Webcast Business.

**III.    Objective of the Petition Filing.**

The Debtors intend to propose a Chapter 11 plan (in consultation with the Official Committee of Unsecured Creditors and other parties in interest), which will provides for periodic payments to creditors utilizing a variety of sources to include the refinance and or assumption of bona-fide secured creditor claims under the Obama Making Homes Affordable Program, developed for Homeowners with Hardship Based Modification objectives as an alternative to foreclosure. Since the filing of the Chapter 11 Case, the Debtor Moore's have began the packaging and submission of hardship based loan

modifications for the assumption or modifications of 6 of the 8 properties that are assets of the Chapter 11 estate (See the attached Exhibit 1). The income base from the "Home Based Webcast Business" will support the income requirements for the modification/assumption settlements.

In the event the Debtor's are unsuccessful in pursuing a loan modification/assumption in an effort to mitigate damage claims associated with litigation, the Debtors intend to go forward with litigating the avoidability of trust-deed assignments, among other issues to include their fractional ownership and equitable interests pertaining to the funds paid to purported lenders as an equitable lien secured by the property.

IV.     **Proposal of the Chapter 11 Plan Filing.**

The Debtor's anticipate filing a proposed Chapter 11 Plan and related disclosure statement by September 29, 2014, which is within the 120-day exclusivity period pursuant to Bankruptcy code Section 1121 (b).

V.     **Retention of any Service Professionals**

The Debtor's had paid Brett Marshall from the Marshall Law Group, a Nevada law firm over $28,000 (through their funds and the funds of their partners) prior to the filing of the Chapter 11 case, for the legal representation and the loan modification/litigation settlement services, only to find when the emergency need for filing was required the Marshall Law Group refused to provide any legal services and have left the Debtor Moore's without the current financial resources to retain counsel for the representation of their Legal Expenses related to their Chapter 11 filing.

VI.     **Further Litigation**

The Debtor Moore's are currently in discussions with a Nevada Law firm to assist through consultation only, with the preparation of the Chapter 11 Plan filing, the support of the settlement negotiations with unsecured creditor claims, and with court approval of a contingency fee agreement for the bringing of adversary complaints for the retrieval of funds taken by partners from foreclosure proceeds, and damages claims for Violation of the Bankruptcy Stay and Wrongful Foreclosure/Wrongful Eviction Actions. The Debtor Moores' have not contracted nor paid any legal fees after the filing of their case and will seek court approval prior to any contractual agreement for legal and professional services pertaining to the management, disposition, and completion of the

Chapter 11 plan.

The Debtor's have interest claims (estimated more than $5,000,000.00) as detailed in B-21 filed in their schedules, attached herewith, and intend to move forward with Discovery which may include depositions and documentation evidencing the Debtor's claims for property and equitable interests made with parties associated with property investments that the Debtor's participated in, which evidences their knowledge and intention at the time of the Debtor's investment efforts.

## VII.    Matters Required for Chapter 11 Status Conference Statement

The Debtors have filed their first monthly operating report, for the period from the Petition Date through June 30, 2014 and will file their second operating report due on August 20, 2014, prior to the scheduled status conference.

The Debtors have closed their prepetition bank accounts and opened debtor in possession accounts at financial institutions included on the List of Authorized Depositories issued by the Office of the United States Trustee (UST), as reflected in documentation previously provided by the Debtor's to the UST.

The Debtor's are not currently parties to the "secured" notes against the properties that they hold titled interest to and upon completion of the loan modification/assumption settlement, as part of the loan settlement completion, the Debtors will procure insurance if and when the Debtor's become co-borrower's and or completed assumption of the loans. The Debtors have appropriate insurance coverage on their vehicles as reflected in documentation previously provided by the Debtors to the UST.

The Debtor's are current on their Federal and State Tax Filing Obligations; do not have any employees and do not owe any post-petition taxes to authorities.

The Debtors are in compliance with applicable bankruptcy law regarding use of "cash collateral' (as such term is defined in Bankruptcy Code Section 363) and obtaining credit pursuant to Bankruptcy Code Section 364. The Debtor TJ Moore is a co-partner in the Komo Mai Property with her father and may need to seek a Cash Collateral Order for the maintenance of the property to maintain repairs relating to habitability. The Debtors have not incurred post petition debt, other than debts incurred in the ordinary course of business allowable as administrative expenses pursuant to the

Bankruptcy Code Section 503(b).

The Debtors attended the Initial Debtor Interview with the UST office; are completing the additional document requests made by their office and expect to have all supplemental documentation to the UST office before the next continued 341 Hearing.

The Debtor's attended the 341 Hearing on July 16, 2014 and will attend the continued 341 currently scheduled for August 28, 2014.

The Debtor's have paid the first Quarterly United States Trustee Fee as required by 28 U.S.C. sec 1930(a)(6).

Date: <u>August 19, 2014</u>

*Teresa J. Moore* (signature)

Teresa J. Moore
8685 Queensbrook Court
Las Vegas, Nevada 89117
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

B6A (Official Form 6A) (12/07)

In re **Moore, Teresa Jean & Robert-Garvin**           ,           Case No. **14-13791**
                Debtor                                                              (If known)

# SECOND AMENDED
# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2029 Ala Wai Blvd, Apt PH-1<br>Honolulu, Hawaii 96815 | Co-Owner | C | 400000 | Unknown/Disputed |
| 343 Hobron Lane, Apt 4404<br>Honolulu, Hawaii 96815 | Inheritance | C | 700000 | Unknown/Disputed |
| 2016 Komo Mai Drive<br>Pearl City, Hawaii 96782 | Co-Owner | C | 300000 | Unknown/Disputed |
| 4251 Laurel Canyon Blvd<br>Studio City, California 91604 | Owner | C | 700000 | Unknown/Disputed |
| 343 Ricardo Drive<br>Aromas, California 95004 | Co-Owner | C | 700000 | Unknown/Disputed |
| 313 Palma Drive<br>Salinas, California 93901 | Co-Owner | C | 200000 | Unknown/Disputed |
| 13077 Providence Place<br>Bakersfield, California | Equitable and possessory interest by substantial performance of purchase agreement | C | 400000 | Unknown/Disputed |
| | Total▶ | | 3,400,000.00 | |

(Report also on Summary of Schedules.)

# EXHIBIT-A

BANKRUPTCY CASE NO: 14-13791

## ATTACHMENT B-21 Other Contingent and Un-liquidated Claims

| Party Name | Associated Property | Tentative Claims | Amount |
|---|---|---|---|
| Debra Parks, et al | 16155 Otsego Street, Encino, California | Fraud, Conversion, Unjust Enrichment and others | $600,000.00 |
| HSBC BANK, et al | 17602 Havenridge Drive, Bakersfield California | Fraud, Conversion, Wrongful Eviction, IIED, and others | $50,000.00 |
| DEUTSCHE BANK, et al | 2016 Komo Mai Drive, Pearl City, Hawaii | Fraud, Title Slander, Quiet Title and others | $600,000.00 |
| Jonathan Czarnecki, et al | 22280 Toro Hills Drive, Salinas, California | Fraud, Contract breach, Conversion, Unjust Enrichment and others | $825,000.00 |
| US BANK NA, et al | 343 Ricardo Drive, Aromas, California | Fraud, Conversion, Unjust Enrichment, Quiet Title and others | $250,000.00 |
| BAYVIEW LOAN SERVICING, et al | 3792 Greenbriar Drive, Pittsbur, California | Fraud, Conversion, Unjust Enrichment, Wrongful Eviction and others | $300,000.00 |
| Jonny Hovik Meguerian, et al | 424 North Kalaheo Avenue, Kailua, Hawaii | Fraud, Conversion, Unjust Enrichment, Wrongful Eviction and others | $1,000,000.00 |
| Bruce Bagheri, et al | 8685 Queensbrook Court, Las Vegas, Nevada | Fraud, Conversion, Unjust Enrichment, Quiet Title and others | $500,000.00 |
| Sabrina Stevens | Condo Equity Share, Kauai, Hawaii | Fraud, Contract breach, Conversion, Unjust Enrichment and others | $126,000.00 |
| John Spadaro, et al | Executive Center Lease, Honolulu, Hawaii | Fraud, Wrongful Eviction, IIED and others | $150,000.00 |
| Courtney Brown | Executive Center Purchase, Honolulu, Hawaii | Fraud, Conversion, Unjust Enrichment, IIED and others | $40,000.00 |
| Joe Brescia, et al | Kekaha Purchase Deposit, Kauai, Hawaii | Fraud, Conversion, Unjust Enrichment, IIED and others | $180,000.00 |
| Claire Melde | Robinson Canyon Equity, Carmel, California | Fraud, Conversion, Unjust Enrichment and others | $300,000.00 |
| Dodi Gains, et al | Robinson Canyon Equity, Carmel, California | Fraud, Conversion, Unjust Enrichment, IIED and others | $1,000,000.00 |
| Ty Ebright, et al | Schulte Road Equity, Carmel, California | Fraud, Conversion, Unjust Enrichment, IIED and others | $1,000,000.00 |
| Sharon Stevens | Vantage Drive Equity, Studio City, California | Fraud, Conversion, Unjust Enrichment and others | $100,000.00 |
| Debra Parks, et al | 4251 Laurel Canyon Blvd, Studio City, California | Fraud, Conversion, Unjust Enrichment and others | $600,000.00 |
| John Gschwend | 13077 Providence Place Bakersfield, California | Fraud, Unjust Enrichment, Defamation, Contract Interference and others | $50,000.00 |
| Donna Lynn Mosier | 6709 Hawaii Kai Drive, Honolulu, Hawaii | Fraud, Conversion, Unjust Enrichment, Wrongful Eviction and others | $1,000,000.00 |
| Anthony & Jenny Hernandez | 13077 Providence Place Bakersfield, California | Contract Breach, Conversion, Unjust Enrichment and others | $15,000.00 |
| | | TOTAL | $8,686,000.00 |

EXHIBIT-B

Teresa J. Moore
Robert-Garvin: Moore
8685 Queensbrook Court
Las Vegas, Nevada 89117
Tel: 818-206-1146
Fax: 818-647-1186
Net: teresa_j_moore@yahoo.com

*For the Petitioners in the propria persona*

# UNITED STATES BANKRUPTCY COURT
## District of Nevada
### 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101

| | |
|---|---|
| In re | Bankruptcy Case: 14-13791 |
| Teresa Jean Moore | Chapter 11 |
| Robert-Garvin: Moore | MAIL SERVICE DECLARATION |
| Debtors. | |

## MAIL SERVICE DECLARATION

On the date: <u>August 19, 2014</u>, I, Teresa Jean Moore served a true and correct copy of the documents: <u>CHAPTER 11 STATUS CONFERENCE STATEMENT; MAIL SERVICE DECLARATION</u> from the place: <u>Honolulu, Hawaii</u> by the method: <u>U.S. Mail, First-Class</u> to the addressees:

| | |
|---|---|
| **U.S. BANKRUPTCY COURT**<br>Attn: Mary A. Schott, Clerk<br>300 Las Vegas Boulevard South<br>Las Vegas, Nevada 89101 | **U.S. TRUSTEE OFFICE**<br>Attn: Jonas V. Anderson, Esq.<br>300 Las Vegas Boulevard S., Suite 4300<br>Las Vegas, Nevada 89101<br>USTPRegion17.LV.ECF@usdoj.gov |
| **ALA WAI MANSION AOAO**<br>c/o Ryan A. Anderen, Esq.<br>415 South 6th Street, Suite 203B<br>Las Vegas, Nevada 89101<br>randersen@andersenlawlv.com | |

1     I declare under the penalty of the perjury by the laws of the United States of the America that the foregoing statements are truth to the best of my knowledge and belief and that I executed this declaration at the Honolulu, Hawaii.

Date: <u>August 19, 2014</u>

*/s/ Teresa D. Moore*
Teresa Jean Moore
Tel: 818-206-1146

ATTACHMENTS:

    EXHIBIT 1: SCHEDULE A

    EXHIBIT 2: ATTACHMENT B-21 TO SCHEDULE B